UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSCAR PEREZ,

    Petitioner,

v.                                                                    Case No.:   2:17-cv-652-FtM-38NPM

SECRETARY, DOC and
FLORIDA ATTORNEY
GENERAL,

    Respondents.
_____/

## **OPINION AND ORDER**[1]

    Before the Court is Oscar Perez's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1), Respondent's limited response (Doc. 8), Petitioner's amended reply (Doc. 13), and Respondent's surreply (Doc. 15).  Respondent argues the Petition should be dismissed as untimely.

    28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, sets a one-year period of limitations to the filing of a habeas petition by a person in state custody.  This limitation period runs from the latest of:

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or the record, that the statutory triggers in subsections (B)-(D) apply. Thus, the limitations period began to run on the date Petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

On October 6, 2011, Petitioner pled no contest to home invasion, grand theft auto, aggravated battery, and two counts of kidnapping. (Doc. 9-1 at 2). The trial court sentenced Petitioner to 204 months imprisonment, followed by three years probation. (*Id.* at 10). Petitioner did not timely appeal his conviction and sentence, so they became final on November 7, 2011, when the 30-day period to file a direct appeal expired. See *Gonzalez v. Thaler*, 565 U.S.

134, 137 (2012).² Petitioner filed a petition for belated appeal in Florida's Second District Court of Appeal on December 2, 2011. (Doc. 9-1 at 25). The court denied the petition on May 31, 2012. (*Id.* at 30). The timeliness of this case hinges on whether this petition for belated appeal tolled the statute of limitations.

Respondent argues the one-year limitation period ran untolled from November 8, 2011, to November 7, 2012, when it expired. Thus, according to Respondent, Petitioner's November 22, 2017 Petition is more than five years too late. Petitioner argues the statute of limitations was tolled by the petition for belated appeal and four subsequent post-conviction motions, the first of which Petitioner filed on February 28, 2013. (*Id.* at 37)

Supreme Court and Eleventh Circuit precedent supports Respondent's position that the petition for belated appeal did not toll the limitations period. The AEDPA tolls its limitations period during the pendency of an "application for State post-conviction or other collateral review with respect to the pertinent judgment[.]" 28 U.S.C. § 2244(d)(2). In *Wall v. Kholi*, the Supreme Court shed light on AEDPA tolling by defining "collateral review" as "a judicial reexamination of a judgment or claim in a proceeding outside of the direct

---

² Petitioner filed a Motion to Mitigate Sentence on October 19, 2011. (Doc. 9-1 at 32). But since the court denied the motion on October 25, 2011—before the conviction became final—it did not toll the limitation period. (Doc. 9-1 at 35).

review process." 562 U.S. 545, 553 (2011). The Eleventh Circuit applied this definition to a petition for a belated postconviction appeal in *Espinosa v. Sec'y, Dep't of Corr.*:

> Espinosa's petition for belated appeal is not an "application for State post-conviction or other collateral review with respect to the pertinent judgment," 28 U.S.C. § 2244(d)(2). "[R]eview of a petition for belated appeal does not reach the merits of the anticipated appeal or the validity of the order to be appealed, but instead reviews the grounds for relieving the petitioner of his or her failure to timely seek such an appeal." *Jones v. State,* 922 So. 2d 1088, 1090 (Fla. Dist. Ct. App. 2006). "[I]t challenges events that occur *after* the final order is rendered." *Id.* An appellate court decides that a petitioner is entitled to belated appeal by considering whether his lawyer failed to file a timely appeal upon request, his lawyer misadvised him as to the availability of review, or there were "circumstances unrelated to [his] counsel[ ]...that were beyond the petitioner's control and otherwise interfered with the petitioner's ability to file a timely appeal." Fla. R. App. P. 9.141(c)(4)(F). A petitioner seeking belated appeal does not need "to allege that the issues that would be presented on appeal are potentially meritorious." *State v. Trowell,* 739 So.2d 77, 80 (Fla. 1999). The appellate court considering the petition does not reexamine the underlying judgment or claim, and a ruling on the petition cannot make "amendment[s] or improvement[s]" to the terms of custody. *Kholi,* 131 S. Ct. at 1285 (quoting *Kholi v. Wall,* 582 F.3d 147, 153 (1st Cir.2009)) (internal quotation mark omitted). *Accordingly, a petition for belated appeal is not an application for collateral review within the meaning of section 2244(d).*

804 F.3d 1137 (11th Cir. 2015) (emphasis added). The Eleventh Circuit applied the same reasoning to petitions for belated direct appeal in *Danny v. Sec'y, Fla. Dept. of Corr.*, 811 F.3d 1301 (2015). Thus, if *Espinosa* and *Danny* control, the

4

petition for belated appeal did not toll the statute of limitations, and this case is untimely.

Petitioner asks the Court to circumvent *Espinosa* and *Danny* by treating his petition for belated appeal as a petition for writ of habeas corpus or a Rule 9.141(d) motion alleging ineffective assistance of appellate counsel. (Doc. 13). Neither of these alternative classifications fit. The only reason given to treat the petition as one for habeas corpus is its title: "Petition for Writ of Habeas Corpus for Belated Appeal." (Doc. 9-1 at 24). But the title is a misnomer. A writ of habeas corpus is a form of collateral relief, and the sole relief sought in the petition was leave to file a belated direct appeal. (*Id.* at 27). Petitioner next argues his Rule 9.141(c) petition for belated appeal is equivalent to a Rule 9.141(d) motion alleging ineffective assistance of appellate counsel. Not so. The procedure laid out in Rule 9.141(d) becomes available only after a judgment and sentence becomes final on direct appeal. FLA. R. APP. P. 9.141(d)(5). Petitioner did not timely appeal his conviction and sentence and did not have appellate counsel, so he could not allege that appellate counsel was ineffective.

The Court finds that Petitioner's December 27, 2011 petition for belated appeal did not toll the AEDPA's statute of limitations. In anticipation of this conclusion, Petitioner requests equitable tolling. Petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights

5

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations marks and citation omitted). Petitioner fails to satisfy either prong.

Petitioner claims he asked his trial counsel to appeal his sentence on October 7, 2011, and counsel incorrectly advised that Petitioner waived his right to appeal by pleading no contest and recommended a Rule 3.800(c) motion to mitigate sentence instead. Petitioner inexplicably claims that when he received a copy of a Rule 3.800(c) motion on October 19, 2011, he believed his appeal was filed. On November 29, 2011, after learning Rule 3.800(c) motion was not a direct appeal, Petitioner requested counsel move for a belated appeal, but counsel did not do so. Petitioner claims he filed a *pro se* petition for belated appeal as soon as he could.

Petitioner has shown, at most, that his failure to timely file a direct appeal was the product of his attorney's negligent or gross negligent misunderstanding of the law. But "negligence alone, even gross negligence," is not an "extraordinary circumstance" that justifies equitable tolling of the AEDPA limitations period. *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1234 (11th Cir. 2017). And though the negligence hindered Petitioner's efforts to file a direct appeal, it did not prevent him from filing a federal habeas petition. As for diligence, Petitioner's diligent pursuit of a direct appeal is not enough. Petitioner knew by November 29, 2011—at the latest—that his conviction and

6

sentence were final and were not timely appealed, but he made no effort to file a federal habeas petition or seek state collateral review within a year. For these reasons, the Court finds that Petitioner is not entitled to equitable tolling.

The Court finds the Petition untimely under the AEDPA and controlling Supreme Court and Eleventh Circuit precedent. Thus, the Court will dismiss the Petition.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Petitioner has not made the requisite showing here and may not have a certificate of appealability on any ground of his Petition.

7

Accordingly, it is now

**ORDERED:**

Oscar Perez's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DISMISSED**. The Clerk shall enter judgment, terminate all motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 22, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record